Common Pleas Court of Hamilton County.

CINCINNATI & SUBURBAN BELL TELEPHONE CO. V.
HENRY J. BECHTEL ET AL.

Decided March 28, 1933.

*Frost & Jacobs,* for the plaintiff.
*Wm. H. Mortashed, Jerome Goldman* and *R. E. Sim-monds,* for defendants and cross-petitioners.

MATTHEWS, J.

This cause comes before the court upon the demurrers of the plaintiff to the answers and cross-petitions of Bertha C. Butler, Abba Guard and Henry J. Bechtel.

The plaintiff sued to enjoin the defendants from interfering with it in the re-location of its poles, wires and other equipment used by it in conducting its business as a telephone company. In the petition it is alleged that it is a corporation organized under the laws of the state of Ohio for the purpose of doing the public utilities business of operating a telephone system, and that in connection with said business it had maintained a telephone line consisting of poles, cross arms, wires and necessary fixtures on and along the state highway in Whitewater township, Hamilton county, Ohio, extending from Elizabethtown, Ohio, to Lawrenceburg, Indiana, for a period of more than fifty years, said highway being at the present time known as United States-Ohio Route No.

50; that said equipment was constructed upon and maintained on said highway pursuant to Sections 9180 and 9191, General Code; that the State Highway Department for the purpose of straightening, paving and otherwise improving the said highway had obtained the consent of abutting owners to the changes, and that the defendant had executed and delivered to the state of Ohio proper instruments granting an easement over property adjoining said highway for the purpose of said improvement, and that the Highway Department had ordered the plaintiff to move its telephone line from its location within the original roadway to a line near the edge of the right of way for the improved highway on the land in which the defendants had granted an easement in order that said highway might be widened, and that the plaintiff was proceeding to re-locate its telephone line as directed when the defendants obstructed and interfered with it.

There are other allegations in the petition showing inadequacy of the legal remedy and irreparable damage.

Upon the allegations of the petition the court granted a temporary restraining order.

In the answers and cross-petitions of the defendants they admit that the plaintiff is a corporation under the laws of Ohio, owning and operating a system of telephones, in connection with which it maintains a telephone line consisting of poles, cross arms, wires, guy wires and necessary fixtures, and that for approximately fifty years the plaintiff and its predecessors in title have maintained such equipment between Elizabethtown, Ohio, and Lawrenceburg, Indiana, along the highway known as United States-Ohio Route No. 50. They admit and allege that they are the owners in fee simple of farms abutting upon said highway. They also allege that neither the plaintiff nor any of its predecessors in title obtained any permission from them, or any of their predecessors in title, for the erection and maintenance of said telephone equipment in front of or upon the property. They admit and allege that they severally granted to the state of Ohio certain easements in front of their property for the purpose of maintaining a public highway for the use and convenience

of pedestrians and vehicular and other travel, but not including the erection of telephone poles, wires or other telephone equipment.

The defendants deny the authority of the highway department of the state of Ohio to authorize the plaintiff to erect poles or other equipment in front of or upon and over their several properties, and assert that if Sections 9180 and 9191, General Code, attempts to authorize the erection of such poles, etc. without their consent, it is unconstitutional and void, as in violation of Section 19, Article I, of the constitution of the state of Ohio, and likewise contrary to the Fourteenth Amendment to the Constitution of the United States.

The defendants also allege that the plaintiff since filing this action and obtaining a temporary restraining order, has proceeded to erect said poles, etc. upon land in which they have recently granted the state of Ohio an easement for roadway purposes only, and that said poles, etc. were erected without right, and they seek to have the temporary restraining order dissolved and the plaintiff enjoined from further maintaining said poles, etc.

The demurrers to the answers and cross-petitions present the primary question of the uses included in the grant of an easement to the public for rural highway purposes. Is the maintenance of telephone equipment within such purpose? It seems to the court that this question has been definitely answered in the case of *Ohio Bell Telephone Company* v. *The Watson Company*, 112 O. S., 385. The third syllabus to that case is as follows:

"The erection and maintenance of telephone poles and wires within the limits of a country highway is an additional burden upon the easement and an invasion of the property rights of the abutting owner, for which he is entitled to compensation."

That statement of the law was concurred in by four of the judges who are still members of that court. At page 389 the court said:

"The question involved is not new to the courts of this state; the basic subject of inquiry being, What are proper highway uses?

"The fee to streets within municipalities in Ohio rests in trust in the municipality for street purposes, subject to the abutting owner's rights to ingress and egress, light and air. On the other hand, outside the limits of a municipality, the fee to the land in the rural highway rests in the abutting landowner, subject only to such rights as are incident to and necessary for public passage, in other words, the right of the public to improvement, maintenance and uninterrupted travel; The abutting owner having all right to all uses of the land not inconsistent with such right of improvement and travel."

At pages 393 and 394, the court quoted with approval from the opinion in the case of *Eels* v. *American Telephone & Telegraph Co.*, 143 N. Y., 133, as follows:

"We cannot agree that this permanent appropriation and exclusive possession of a small portion of the highway can properly be regarded as any newly discovered method of exercising the old public easement, for the very reason that this so-called new method is a permanent, continuous, and exclusive use and possession of some part of the public highway itself, and therefore can not be simply a new method of exercising such old public easement. It is a totally distinct and different kind of use from any heretofore known. It is not a mere difference in the kind of vehicle, or in their number or capacity, or in the manner, method, or means of locomotion. All these might be varied, increased as to number, capacity, or form, altered as to means or rapidity of locomotion, or transformed in their nature and character, and still the use of the highway might be substantially the same—a highway for passage and motion of some sort. Here, however, in the use of the highway by the defendant is the fact of permanent and exclusive appropriation and possession, a fact which is, as it seems to us, wholly at war with that of the legitimate public easement in a highway."

And at page 394 the court states its own view:

"There is a diversity of opinion in other states upon this proposition, but we are content to adhere to the former decisions of this court in their trend for recognition of the inviolability of private property and its protection for use for public or private purposes, unless compensation be first made in money."

This language was used after the court had distinguished the case of *Smith* v. *Central Power Company*, 103 O. S.,

681, relied upon by counsel for the plaintiff on the ground that it involved a city street.

Counsel in this case earnestly contend that public policy, as well as logic, dictates that there should be no distinction between urban streets and rural highways as to the relative rights of the public and the abutting land owners therein. Much that is urged is congenial to the view that has regard for the elements of logic and symmetry in the law. If it were a matter of first instance, it might be concluded that the rule of the enlarged grant contended for might be thought the more desirable. Whether it would prove so in practice cannot be said. However, a nisi prius judge is bound by the prior decisions of the appellate courts of the state. He must premise his reasoning upon such precedents if they exist. In order that there may be uniformity of decisions and comparative certainty of rights, he is not privileged to predicate his reasoning upon general principles of public policy as he conceives them to be, or upon analogous principles in other and related branches of the law, or upon adjudications in other jurisdictions, when there exists within the state itself an expression of the highest court of the state on the exact subject before the court. The case at bar presents such a situation. The Supreme Court in *Ohio Bell Telephone Co.* v. *The Watson Company, supra,* has announced the law governing this case and the duty of this court is to follow that pronouncement and not to anticipate a revision or reversal thereof.

It is also urged by counsel that the admission of the defendants that the plaintiff has for fifty years maintained its telephone equipment in the original highway shows that it has a prescriptive right so to do as against the defendants. Assuming that such long continued user would give to the plaintiff a right as against the defendants to maintain such equipment in the original highway, it seems clear to me that such user furnishes no foundation of right for placing the equipment outside of the original highway and on land of the defendants on which the plaintiff has never at any time maintained a telephone system.

For these reasons the demurrers are overruled.